No. 988

SUNDAY CREEK COAL CO. v. BIG BAILEY MINING CO.

Ohio Appeals, 2nd Dist., Franklin Co.

Nos. 1501-04. Decided Sept. 13, 1926

85. APPEALS—An appellant, under 12227 GC. is relieved from giving a bond only when he is a party in a trust capacity or is a county treasurer.

1002. RECEIVERS—A receiver appointed by the Common Pleas Court for the appellants, do not fall within this description (under 12227

· GC.) and are not relieved from giving bond.

BY THE COURT.

The Sunday Creek Coal Co. brought suit against the Big Bailey Mining Co. et al in the Franklin Common Pleas. The defendants took appeals from the judgment rendered in the lower court and the plaintiff filed a motion to dismiss the appeals.

The Coal Co. claimed that two days before the decree was entered in these cases, receivers were appointed for the various defendants, in the Athens Common Pleas, that the receivers are the parties directly interested in the decrees appealed from and are entitled to prosecute appeals without bond by virtue of 12227 GC. The Court of Appeals held:

1. No bonds were given in any of the cases, and to stand upon the record alone, it is clear that the appeals were irregular and unauthorized.

2. Although the fact that receivers were appointed during the progress of the trial in the court below might be some basis for the contention that such receivers could prosecute the appeals, no issues were made in the lower court against such receivers nor has reference been made to them in the record.

3. Insofar as 12224 GC. attempts to confer jurisdiction in appeal it is unconstitutional since the right of an appeal is granted solely by virtue of Art. IV, Sec. 6 of the Ohio Constitution.

4. That section provides that Courts of Appeal shall have appellate jurisdiction in chancery cases, which clearly implies that the appeal is a re-trial of the case below.

5. The issues in the court below determine the appealability of the case. 111 OS. 595.

6. 12227 GC. which is depended upon to relieve an appellant from giving a bond provides that "a party in any trust capacity or a county treasurer in his official capacity - - - - shall not be required to give bond and security to perfect an appeal."

7. Therefore, the appellant, under this section, is relieved from giving a bond only when a party is in a trust capacity or is a county treasurer; and since the receivers do not fall within either description, the appeals must be dismissed.

Appeals dismissed.

(Allread, Ferneding & Kunkle, JJ., concur.)

Attorneys—Edward C. Turner, Albert M. Calland and Francis H. Game for Coal Co.; Postlewaite & Bricker for Mining Co.; all of Columbus.